IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT J. SPARKS,** <br> **Y24116,** <br><br>         **Plaintiff,** <br><br> vs. <br><br> **LOGSDON,** <br> **DANIAL MONTI,** <br> **DASHER JAMERSON,** <br> **IDOC,** <br> **ARMSTRONG.** <br><br>         **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-152-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert J. Sparks, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that the defendants failed to protect him from an assault by a fellow inmate—defendant Dasher Jamerson. Plaintiff's complaint did not include a demand for relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on October 16, 2021, Defendant Armstrong allowed Defendant Jamerson to enter his cell during rounds for ice.  Upon entry, Jamerson attempted to attack Plaintiff.  Defendant Armstrong allegedly never completed a report about the interaction.  On October 17, 2021, Plaintiff talked to Defendant Logsdon about the issue with Jamerson.  On October 19, 2021, Logsdon decided to move Jamerson to a different area, but during the move Jamerson found a way to enter Plaintiff's cell.  Jamerson punched Plaintiff repeatedly in the face and split his lip in two.  Plaintiff alleges that he got treatment at the healthcare unit and an outside hospital.  He claims that he still suffers from fear about the incident.  He claims that the defendants violated his Eighth Amendment rights by failing to protect him from the attack.  He also alleges that they violated his First Amendment rights by retaliating against him for grievances.

Plaintiff additionally alleges "Defendant's Anderson, Criser, Sanders, Steele, and Turnquist violated [his] Eighth Amendment rights when they failed to protect [him] from an inmate assault."  (Doc. 1 at 11).

On the third page of his statement of the claim, Plaintiff includes a paragraph about an assault on January 10, 2006.  (Doc. 1 at 12).  This statement has no clear relevance to this lawsuit, so the Court did not consider it in assessing the claims presented.

Based on the allegations in the Complaint, the court designates the following Claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Armstrong, Logsdon, and Monti;**
>
> **Claim 2:** **Eighth Amendment excessive force claim against Anderson, Criser, Sanders, Steele and Turnquist;**
>
> **Claim 3:** **First Amendment retaliation claim.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## **Preliminary Dismissals**

Section 1983 provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law. *Torres v. Madrid*, 141 S.Ct. 989, 994 (2021). "The Eleventh Amendment grants states immunity from private suits in federal courts without their consent. An agency of the state receives this same immunity." *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016); *de Lima Silva v. Dep't of Corrections,* 917 F.3d 546, 565 (7th Cir. 2019).

Here, Plaintiff named the Illinois Department of Corrections (IDOC) as a defendant, but as an agency of the state, IDOC is immune. Plaintiff's claim against IDOC will be dismissed for failure to state a claim.

Similarly, Plaintiff cannot state a § 1983 claim against Defendant Dasher Jamerson, because Jamerson is a private individual. Plaintiff does not allege that Jamerson acted under color of state law, so he has failed to state a claim against Jamerson.

## Analysis

Plaintiff may proceed beyond initial review on his claim of excessive force against Defendants Armstrong and Logsdon for their respective roles in allegedly failing to protect him from inmate Jamerson. *See e.g. Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("the unnecessary and wanton infliction of pain on a prisoner violates his rights under the Eighth Amendment.")

By contrast, Plaintiff cannot proceed with a claim against Defendant Monti because he has not explained Monti's role in the alleged harm. To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff does not provide any factual allegations about Defendant Monti's personal conduct. Thus, Plaintiff failed to state a claim against Monti.

Likewise, Plaintiff's bare allegation that Anderson, Criser, Sanders, Steele, and Turnquist, failed to protect him is insufficient to state a claim. Not only does Plaintiff offer no factual allegations about these individuals' personal involvement, but he also did not properly list them as defendants in the caption of the case. Federal Rule of Civil Procedure 10(a) requires a plaintiff to list each party in the caption of the case. In the caption, Plaintiff only listed Armstrong, Logsdon, Monti, IDOC, and Jamerson. Claim 2

will be dismissed for failure to state a claim against Anderson, Criser, Sanders, Steele, and Turnquist.

Turning to Claim 3, Plaintiff failed to state a claim because he does not provide any factual assertions to support his allegation that he suffered retaliation, a violation of his First Amendment rights. Bare legal assertions without factual elaboration are not sufficient to state a claim. *See e.g., Twombly*, 550 U.S. at 555. Claim 3 will be dismissed for failure to state a claim.

One final note bears mention. Plaintiff left the 'demand for relief' section of his complaint blank. (Doc. 1 at 8). Federal Rule of Civil Procedure 8(a)(3) requires a complaint to contain a demand for relief sought. As a pro se litigant, the Court construes his pleading liberally, and assumes that he intended to seek some form or relief. Rather than dismiss his case for this deficiency, the Court will give him an opportunity to submit a demand for relief to be included with his complaint. Plaintiff should submit a short supplement to his complaint with a demand for relief. A failure to submit the supplement could result in later dismissal of this case.

## Motion for Counsel

In his Motion for Counsel (Doc. 2) Plaintiff indicates that he has contacted several attorneys, but he has not received representation. Plaintiff claims that he has some high school education, and he believes he needs assistance with his lawsuit because his reading and writing skills are not strong. Despite Plaintiff's legitimate concerns, he has adequately presented his claims at this early stage of litigation, so the Court finds that it is not yet necessary to appoint an attorney. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir.

2007) (the decision to appoint counsel depends on the difficulty of the case and plaintiff's competency to represent him or herself). Here, the claims have not yet proven too difficult for Plaintiff to represent himself. Therefore, Plaintiff's Motion for Counsel (Doc. 2) will be **DENIED** without prejudice. Plaintiff may renew his motion later in the litigation if it is necessary.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Defendants Armstrong and Logsdon. Claim 1 is **DISMISSED** as to Defendant Monti because it is insufficiently pled. Claim 2 is **DISMISSED** as to Defendants Anderson, Criser, Sanders, Steele and Turnquist because they are not properly named, and it is not sufficiently pled. Claim 3 is **DISMISSED** as insufficiently pled. Defendants IDOC and Dasher Jamerson are **DISMISSED** because there are no valid claims against them. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Monti, IDOC, and Jamerson.

The Clerk of Court is **DIRECTED** to prepare for Defendants Armstrong and Logsdon: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on

Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Plaintiff is **ORDERED** to submit a supplement to his complaint with a demand for relief. Plaintiff shall submit the supplement by Friday, April 15, 2022. Failure to submit the demand could result in dismissal of this case for failure to prosecute. Fed. R. Civ. P. 41(b).

Plaintiff's Motion for Status (Doc. 7) is **DENIED** as **MOOT**, in light of the initial review of his case in this Order.

**IT IS SO ORDERED.**

Dated: March 9, 2022

DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged

actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.